IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION


ELBERT G. LESTER,                                                                    PLAINTIFF

v.                                                                Civil Action No.: 2:09CV100-SAA

MICHAEL J. ASTRUE,
Commissioner of Social Security,                                                     DEFENDANT


**MEMORANDUM OPINION**

      Plaintiff Elbert G. Lester seeks judicial review under 42 U.S.C. § 405(g) of the decision of the Commissioner of Social Security denying his application for a period of disability (POD) and disability insurance benefits (DIB) under Section 216(i) and 223 of the Social Security Act, and for supplemental security income (SSI) under Title XVI.  Plaintiff applied for benefits on August 28, 2007, alleging that he became disabled August 20, 2007, due to constant right knee pain after patellar reconstruction surgery.  The plaintiff's claim was denied initially and on reconsideration.  Plaintiff requested an administrative hearing which was held on June 12, 2008.  He was not represented by counsel at the hearing.  The ALJ issued an unfavorable decision on August 29, 2008, and plaintiff properly filed a request for review with the Appeals Council.  The Appeals Council denied plaintiff's request for review.  The ALJ's decision is now ripe for review.[1]

**FACTS**

---

[1]The parties have consented to trial before a magistrate judge, and the undersigned has authority to render judgment under the terms of 28 U.S.C. § 636(c)(1).  Docket 10.

The plaintiff was born in 1959, and was forty-eight years old at the time of the administrative hearing on August 29, 2008. (Tr. 23). Although he did not graduate from high school he obtained his GED. (Tr. 16, 34, 108). His past relevant work was as a hand packager, box top maker, cook in a casino and a custodian. (Tr. 18-19, 26).

Before the hearing began, plaintiff signed a "waiver of right to representation" which states:

> I have been advised by the Office of Disability Adjudication and Review, and I understand, that I have the right to be represented in this proceeding by an attorney or by any other qualified person of my choice. It has also been explained to me that free legal service is available, if I qualify. I have been furnished with a list of such services.
>
> However, I have decided that I do not wish to be legally represented by anyone at my hearing and wish to proceed without representation.

Tr. 72. In addition, the ALJ discussed with plaintiff on the record the fact that he had appeared at the hearing without representation and that he was entitled to representation if he desired.

> ALJ: I note that Mr. Lester is unrepresented. Okay. Mr. Lester you are unrepresented. I need to make sure that you do have a right to be represented at this hearing (*sic*).
>
> CLMT: Yes, Sir.
>
> ALJ: And, that can either be done by an attorney or a non-attorney representative, in either case, the people who take these cases do so by Social Security regulations on a contingency basis. If your claim is successful they take their payment out of the back benefits, which is limited to $5,300 or 25%, whichever is less. And, if your claim is unsuccessful by Social Security rules they, they don't have a, you don't owe them a fee at all. Of course you're here today and you do have the right to represent yourself. So, I guess your options, I don't guess, I'll tell you what your options are. Your options are to either represent yourself at the hearing today or ask for more time to, to try and find a representative.
>
> CLMT: I'd rather have it today.

> ALJ    Okay.  You want to represent yourself, all right, great.
>
> CLMT:  Yes, Sir.
>
> ALJ:   I see you've actually signed a waiver to that effect, so I will accept that and we'll go ahead with the hearing.

Tr. 23.  In his decision, the ALJ held that, plaintiff was "informed of the right to representation, [he] chose to appear and testify without the assistance of an attorney or other representative." Tr. 13.

The ALJ found that the plaintiff suffered from several "severe" impairments including degenerative joint disease, status post ruptured right patella, arthralgias, and obesity, (Tr. 15, Finding No. 3), but that these impairments did not meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. (Tr. 21-22, Finding No. 4).  He concluded that the plaintiff retains the Residual Functional Capacity (RFC) to lift/carry and push/pull up to 10 pounds both frequently and occasionally, to sit for up to six hours in an eight-hour workday, to stand/walk for up to two hours in an eight-hour workday, but he must be allowed to sit or stand at will. (Tr. 17, Finding No. 5).  He found that these limitations prevent plaintiff from performing his past relevant work. (Tr. 18, Finding No. 6)  Upon consideration of the plaintiff's age, education, work experience and residual functional capacity, and relying on the testimony of a vocational expert ("VE"), the ALJ held that the plaintiff could nevertheless perform jobs that exist in significant numbers in the national economy (Tr. 19 - 20, Finding No. 10) and therefore was not disabled under the Social Security Act. (Tr. 20, Finding No. 11).

On appeal to this court plaintiff claims two errors.  The ALJ breached his duty to (1) advise plaintiff how a representative could aid him in the administrative proceedings, thereby

rendering plaintiff's waiver of his right to counsel invalid and (2) to advise plaintiff has he had a right to cross examine the VE, effectively denying him his right to due process. Docket 15, p.1.

## STANDARD OF REVIEW

In determining disability the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[4] Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[6] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[7] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and

---

[2]*See* 20 C.F.R. § 404.1520 (2003).

[3]*Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[4]20 C.F.R. § 404.1520(b) (2003).

[5]20 C.F.R. § 404.1520 (2003).

[6]20 C.F.R. § 404.1520(d) (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 404.1525 (2003).

[7]20 C.F.R. § 404.1520(e) (2003).

past work experience, that he is capable of performing other work.[8] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). Substantial evidence has been defined by the Fifth Circuit as "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

## DISCUSSION

### ALJ'S DUTY RELATING TO PRO SE CLAIMANTS

---

[8] 20 C.F.R § 404.1520(f)(1) (2003).

[9] *Muse*, 925 F.2d at 789.

The ALJ concluded plaintiff has "severe" impairments of degenerative joint disease, status post ruptured right patella, arthralgias, and obesity (Tr. 15, Finding No. 3), but that these impairments did not meet or equal any impairment listed at 20 CFR pt. 404, subpt. P, app. 1 (2008). (Tr. 16 - 17, Finding No. 4). He reviewed the medical records as a whole, considered the credibility of the plaintiff's subjective complaints, discussed in detail plaintiff's symptoms and the factors he considered in determining credibility, and appropriately reviewed the plaintiff's vocational abilities. In light of his RFC findings at step three, (Tr. 17, Finding No. 5), the ALJ found at step four that plaintiff was unable to perform his past relevant work. (Tr. 18, Finding No. 6). Using the Medical-Vocational Guidelines as a framework and relying on the testimony of a vocational expert, the ALJ determined at step five that the plaintiff was capable of performing other jobs that exist in significant numbers in the national economy, including a surveillance system monitor and a final assembler. (Tr. 19 - 20, Finding No. 10).

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because he failed to meet his "duty" to completely advise plaintiff, particularly in light of his *pro se* status. According to plaintiff, who is now represented by counsel, the ALJ's failure to fully advise him regarding his right to counsel and the benefits of representation at administrative proceedings invalidate plaintiff's waiver of his right to counsel. The court disagrees.

A Social Security claimant has no constitutional right to counsel, *Cornett v. Astrue,* 261 Fed. Appx. 644, 2008 WL 58822, at *6 (5th Cir.2008), but does have a statutory and regulatory right to have counsel present at a hearing. 42 U.S.C. § 406; 20 C.F.R. § 404.1705; *Norden v. Barnhart,* 77 Fed. Appx. 221, 2003 WL 22228387, at *1 (5th Cir.2003). A plaintiff may waive this right if given sufficient information to enable him to decide intelligently whether to retain

counsel or proceed pro se. *Hussey v. Astrue* 2009 WL 166666, *5 (E. D. La. 2009) (Slip op.). "Sufficient information" includes explanations of the possibility of free counsel, a contingency agreement, and the limitation on attorney's fees to 25% of past due benefits awarded. *Clark v. Schweiker*, 652 F.2d 399, 403-04 (5th Cir.1981). Contrary to plaintiff's argument, the Fifth Circuit does not require the ALJ to advise a claimant how a lawyer could help him.

In this case, plaintiff was made aware of all requisite information, he signed a waiver of his right to counsel and three times verbally confirmed that although he was not represented he wanted to proceed with the hearing without representation. The court finds that this argument is without merit.

Plaintiff argues that the ALJ failed to inform plaintiff of his right to question the VE and therefore violated his right to due process. Review of the record shows that the total time for the hearing before the ALJ was 13 minutes. (Tr. 21 - 32). During the hearing, the ALJ questioned the plaintiff and the VE. He declined plaintiff's offer of his mother's lay witness testimony, at the conclusion of his own questioning of the VE, (Tr. 31-32), then asked plaintiff:

> Okay. Mr. Lester, let me go back and take a look at the records again. Is there anything else I need, we need to talk about, that might be relevant that we haven't talked about? I mean I've reviewed all your medical records, you've, we've talked, I am going to go back and look at the medical records and think about the conversation we had, but I want to make sure we haven't left anything out.

(Tr. 31). Other than this general statement, the ALJ neither gave plaintiff an opportunity to question the VE nor informed plaintiff that he could ask any questions of the VE.

In his decision, the ALJ found that, "[a]lthough claimant alleges the necessity of an ambulation device, there is no medical evidence to support the necessity of such a device." (Tr.

7

16). The ALJ was incorrect. On page 180 of the record, Dr. Philip Elizondo states, "He can barely walk. He needs a cane." The ALJ's hypothetical to the VE did not include the need for an assistive device such as a cane, and he did not explore what impact the need for a cane would have on the availibility of jobs to a person with plaintiff's RFC.

To establish that work exists for a plaintiff at steps 4 and 5 the ALJ may rely on the medical-vocational guidelines or the testimony of a VE in response to a hypothetical question. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir.1994). A hypothetical question posed by an ALJ to a VE must reasonably incorporate all the claimant's disabilities recognized by the ALJ, and the claimant must be afforded a fair opportunity to correct any deficiencies in the hypothetical question. *Id.* at 436. While there is no evidence that the need for an assistive device would significantly affect the plaintiff's RFC or the testimony of the VE, the court simply cannot be certain. Plaintiff has pointed to evidence in the record that plaintiff's treating physician agreed that he needed a cane. The ALJ's decision could have been different. *Hussey v. Astrue*, 2009 WL 166666, *8 (E.D. La. 2009), citing *Brock*, 84 F.3d at 728. Although there is a possibility that the result might not have been different, in light of the ALJ's failure to inform plaintiff of his right to question the VE, his misstatement about plaintiff's need for an assistive device, and his quick decline to question plaintiff's witness, the court will err on the side of caution and remand this case for further consideration.

## **CONCLUSION**

The record clearly contains errors which may need to be fleshed out through additional evidence or further questioning of plaintiff and a VE. The ALJ's decision is reversed and remanded for further review consistent with this opinion. A final judgment will issue this

day.

This, the 14th day of June, 2010.

                                            /s/ S. Allan Alexander  
                                        UNITED STATES MAGISTRATE JUDGE